NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHALL CASEY PFEIFFER, The Gentleman Marshall as AGENT obo his Granted Federal Franchise MARSHALL PFEIFFER also known as 222703407-G38455581,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CALIFORNIA FRANCHISE TAX BOARD; et al.,<br><br>Defendants-Appellees. | No.   18-56334<br><br>D.C. No. 3:17-cv-02438-AJB-JMA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Marshall Casey Pfeiffer appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action alleging that the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California Franchise Tax Board's assessment and collection of state taxes from him was unconstitutional. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *May Trucking Co. v. Or. Dep't of Transp.*, 388 F.3d 1261, 1265 (9th Cir. 2004), and we affirm.

The district court properly dismissed Pfeiffer's action for lack of subject matter jurisdiction because the Tax Injunction Act bars taxpayers from challenging the validity of a state tax in federal court where there is an adequate remedy available in state court. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Hyatt v. Yee*, 871 F.3d 1067, 1074 n.34, 1077 (9th Cir. 2017) (explaining that "constitutional claims can qualify as claims seeking to void a tax" for purposes of the application of the Tax Injunction Act and that there is an adequate remedy under California law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**